# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN VEGA, | : |
| Petitioner, | : CIVIL ACTION NO. 3:17-1440 |
| v. | : (MANNION, D.J.) |
| | : (MELHALCHICK, M.J.) |
| CLAIR DOLL, Warden, | : |
| Respondent | : |

## MEMORANDUM

On August 14, 2017, petitioner Juan Vega filed a petition for a writ of habeas corpus, through counsel, pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner is a citizen of Mexico who became a lawful permanent resident of the United States in December 1990. After a state court conviction for drug offenses and the imposition of a prison sentence of over one year, on November 9, 2016, the petitioner was taken into custody by ICE under 8 U.S.C. §1226(c) and, removal proceedings were initiated against him. He was placed in custody at the York County Prison ("YCP") in Pennsylvania. The petitioner has remained in custody of ICE at YCP for 630 days as of August 1, 2018.

On February 10, 2017, an Immigration Judge found that the petitioner was subject to removal based on his state court drug conviction, which was found to be an aggravated felony under §101(a)(43)(B) of the Immigration and Nationality Act, and ordered that the petitioner be removed from the United States to Mexico. (Doc. 5-2 at 17). Specifically, "[s]ection 240A(a)(3) of the

Act requires an applicant for cancellation of removal to prove that he 'has not been convicted of any aggravated felony', and "[t]he Immigration Judge found the respondent had not shown that his offense under section 780-113(a)(30) was not an 'aggravated felony' within the meaning of section 101(a)(43)(B) of the Act." (Doc. 14-1 at 4).

The petitioner filed an appeal of the removal order to the Board of Immigration Appeals ("BIA") and, on June 8, 2017, the BIA affirmed the Immigration Judge's decision and dismissed the petitioner's appeal. (Doc. 5-2 at 24).

On June 16, 2017, the petitioner appealed the BIA's decision to the Third Circuit Court of Appeals via a Petition for Review. *See* Vega v. Atty Gen., C.A. No. 17-2325 (3d Cir. 2017). On November 24, 2017, pursuant to an unopposed motion to remand filed by the government, the Third Circuit remanded the case to the BIA. Specifically, "[t]he Third Circuit granted the government's unopposed motion to remand to reassess whether a conviction for a marijuana offense under 35 Pa.C.S. §780-113(a)(30) constitutes an aggravated felony." (Doc. 14-1 at 3). Seemingly it was not clear whether the petitioner's conviction under §780-113(a)(30) constituted an aggravated felony "[b]ecause section 780-113(a)(30) is categorically overbroad relative to the 'drug trafficking crime' definition."[1] (Id. at 5-6).

---

[1]The court notes that the question of whether §780-113(a)(30) constitutes an aggravated felony for purposes of subjecting a noncitizen to removal is similar to the question of whether this offense can be used as a predicate offense to determine whether a defendant is a career offender. In

Thus, on May 22, 2018, the BIA considered whether the petitioner's conviction under §780-113(a)(30) constituted an aggravated felony and whether the petitioner was eligible for cancellation of removal. The BIA found that it was necessary to examine the quantity of marijuana involved in the petitioner's conviction to determine whether his conviction constituted an aggravated felony. The BIA found that §780-113(a)(30) was "divisible" and subject to the modified categorical approach. The BIA then stated that "if a violation of section 780-113(a)(30) involves the possession of 'at least two pounds, but less than ten pounds' of marijuana with the intent to manufacture or deliver, as under section 7508(a)(1)(i), the offense is a 'drug trafficking crime' because it corresponds categorically to a felony violation of 21 U.S.C. §841(a)(1), punishable by up to 5 years' imprisonment." (citing 21 U.S.C. §84l(b)(1)(D). Contrary to the petitioner's contention, the BIA found that it had

---

the case of United States v. Glass, 701 Fed.Appx. 108 (3d Cir. July 26, 2017), one of the convictions used by the district court to find that the defendant was a career offender was his Pennsylvania State conviction for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa.Stat.Ann. §780-113(a)(30). The *Glass* Court instructed that the court must use the modified categorical approach to determine whether a defendant's conviction under §780-113(a)(30) qualifies as "controlled substance offenses" for career offender purposes. *See also* United States v. Henderson, 841 F.3d 623, 627 (3d Cir. 2016), *cert. denied*, 2017 WL 2937461 (U.S. Oct. 2, 2017) ("In *United States v. Abbott*, [748 F.3d at 156,] we determined that Section 780-113(a)(30) of Pennsylvania's Controlled Substance Act–the section that underlies Henderson's previous convictions–is 'divisible' and subject to the modified categorical approach.").
    The issue as to whether a conviction under §780-113(a)(30) can be used as a predicate offense for career offender purposes is still pending in the *Glass* appeal before the Third Circuit.

to examine the quantity of marijuana involved in the petitioner's conviction to determine whether his conviction constituted an aggravated felony.

The BIA then concluded that since the record reflected that petitioner Vega "pled guilty to possessing over 50 pounds of marijuana with the intent to deliver", his conviction constituted an aggravated felony under §101(a)(43)(B) of the INA and, that he was not eligible for cancellation of removal because he was convicted of an aggravated felony. (Id. at 6-7). Thus, the BIA dismissed the petitioner's appeal and again affirmed the decision of the Immigration Judge to remove the petitioner.

On May 25, 2018, the petitioner filed a second petition for review with the Third Circuit. *See* Vega v. Atty Gen., C.A. No. 18-2172 (3d Cir. 2018). On the same day as his appeal, the Third Circuit granted the petitioner a temporary stay of removal. The petitioner's appeal of his removal order to the Third Circuit is currently pending. (Doc. 20-1).

The petitioner claims that he has suffered an unreasonably prolonged detention, currently for about 21 months, during the pendency of his removal proceedings and that he has not been afforded the due process protections required by the United States Constitution. The petitioner requests immediate release from custody or any relief the court finds to be equitable. Respondent contends that the petitioner's continued detention is required, and constitutionally permissible, under 8 U.S.C. 1226(c). Respondent indicates that petitioner Vega will remain detained pursuant to §1226(c) until the Third Circuit lifts the temporary stay of removal or decides the merits of his petition

for review and issues a final order.

On June 5, 2018, Judge Karoline Mehalchick heard oral argument regarding the applicability of the Supreme Court's recent decision in Jennings v. Rodriguez, 538 U.S. —, 138 S.Ct. 830 (2018), to petitioner Vega's case. Supplemental briefs were also filed.

Presently pending before the court is the July 11, 2018 report and recommendation of Judge Mehalchick, (Doc. 19), recommending that an Immigration Judge be directed to conduct an individualized bond hearing for the petitioner and, that the court grant, in part, the petitioner's habeas petition.

On July 25, 2018, respondent filed objections to Judge Mehalchick's report and a brief in support. (Docs. 20 & 21). The petitioner responded to the objections on August 1, 2018. (Doc. 22).

The court has reviewed the submissions of the parties as well as the case law post-*Jennings*, and it shall adopt Judge Mehalchick's report and overrule respondent's objections.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Mehalchick's report, as well as the applicable evolving case law, and concurs with her rational and recommendation. As Judge Mehalchick states "[i]t is undisputed that Vega is detained pursuant to 8 U.S.C. §1226(c), which mandates the pre-removal detention of aliens who are removable based on certain enumerated offenses." Further, as Judge Mehalchick explains in her report, the Supreme Court's decision in *Jennings*, "explicitly rejected the practice of reading implicit time limitations into unambiguous statutes such as §1226(c)", and found "that the statute contains no implicit time limitations." Dryden v. Green,--- F.Supp.3d —, 2018 WL 3062909, *3 (D.N.J. June 21, 2018). Thus, "the Supreme Court [in Jennings,138 S.Ct. at 851-52] observed that the only challenge to detention under §1226(c) which [now] remains viable [ ] is an individual petitioner's challenge to the constitutionality of the statute as

applied to him." Id. The court in Dryden, id. at *4, stated, "it is clear that *Jennings* has abrogated *Diop* and *Chavez–Alvarez*, and only an individualized as applied constitutional challenge to the statute remains for Petitioner and those in similar circumstances." The court in Dryden, id., then explained:

> *Jennings* leaves open only the question of whether §1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, §1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief.

(citing Jennings, 138 S.Ct. at 846-47).

Judge Mehalchick states that she analyzed the merits of the petitioner's claims even though there is no "clear consensus on the issue of the continued validity of *Diop* and *Chavez-Alvarez* after *Jennings.*" Since Judge Mehalchick has thoroughly analyzed the effect of the decision in *Jennings* on the *Diop* and *Chavez-Alvarez* cases, this court shall not repeat it. Suffice to say that the Supreme Court in *Jennings* "explicitly declined to reach the merits of the petitioners' constitutional arguments" and, "it is unclear under current Supreme Court precedent at what point a detention pursuant to §1226(c) becomes unreasonable without a hearing, making continued detention unconstitutional in a particular case." Coello-Udiel v. Doll, 2018 WL 2198720, *3 (M.D.Pa. May 14, 2018). District courts now use a case-by-case approach, post-*Jennings*, to determine whether a §2241 habeas petitioner has

7

demonstrated that his prolonged mandatory detention under §1226(c) is unconstitutional as applied to him. *See* Sajous v. Decker, 2018 WL 2357266, *10 (S.D.N.Y. May 23, 2018) ("Rather than employ a brightline rule, the Court concludes that whether mandatory detention under §1226(c) has become 'unreasonable,' and thus a due process violation, must be decided using an as-applied, fact-based analysis" "requiring an assessment of all the circumstances of any given case.") (citations omitted).

As Judge Mehalchick states, "while the statutory language of §1226(c) does not presumptively require a bond hearing every six months, the Court is of the opinion that Due Process may be violated at 'some point' in the event of prolonged mandatory detention without a bond hearing." The court finds that Judge Mehalchick has thoroughly examined the various factors considered by courts, before and after *Jennings*, and properly concluded that under the circumstances of this case, petitioner Vega's prolonged mandatory detention under §1226(c) has become unreasonable such that he is entitled to an individualized bond hearing to prevent a possible violation of his due process rights. (Doc. 19 at 21-25). Judge Mehalchick also correctly found that, based on all of the factors, "Vega's [now 21 month] detention in the absence of a bond hearing offends due process."

Thus, the court agrees with Judge Mehalchick's well-reasoned conclusion in her report that the facts of this case, considered in light of *Jennings*, support a finding that petitioner Vega should be afforded a bond hearing under the requirements of due process. Unlike the *Dryden* case, in

which petitioner Dryden was in ICE custody for just over one year, petitioner Vega did not request multiple continuances during his removal proceedings. Nor does the court find that any delay in petitioner Vega's removal proceedings are attributable to him. In fact, it does not appear that either party has caused any delays in the removal proceedings. Rather, the delay in the petitioner's removal proceedings appears to be resolving the difficult question of whether the petitioner's conviction under §780-113(a)(30) constitutes an aggravated felony making him ineligible for cancellation of removal. As discussed above, the court does not find that the petitioner is filing frivolous appeals. All of the briefs in the petitioner's current appeal with the Third Circuit have not yet been filed and, there is no way to know how long his appeal will be pending. As stated, the Third Circuit granted the petitioner a temporary stay of removal.

Additionally, the court does not find any bad faith or unreasonable action by either party. Thus, this case presents the issue of whether the petitioner's continued detention is unreasonable even though neither party is causing the delay but rather the delay is caused by a difficult legal question as to whether the petitioner's conviction under §780-113(a)(30) constitutes an aggravated felony. Indeed, this legal question appear to have extended the removal proceedings in the petitioner's case and the end of these proceedings is not likely to occur in the near future. *See* Cortez v. Sessions, --- F.Supp.3d ----, 2018 WL 1510187 (N.D.Ca. March 27, 2018) (Court held that since there was no indication that the petitioner's removal was

"imminent," this was a factor weighing in favor of its decision that he was entitled to a bond hearing). Further, since the petitioner has asserted what appears to be a valid defense to his removal and raises a valid ground on which his removal may be cancelled, this factor weighs in favor of affording him with a bond hearing. *See* Sajous, 2018 WL 2357266, *11 (Court stated that a pertinent factor to consider may be "whether the detained alien has asserted defenses to removal").

Thus, the facts that the petitioner's removal is not imminent and he has asserted a valid defense to his removal coupled with the fact of the length of his detention weigh in favor of the court's finding that his continued detention is unreasonable, and unconstitutional, as applied to him, entitling him to a bond hearing. *See* Sajous, 2018 WL 2357266, *10 (Court stated that "[t]he first, and most important, factor that must be considered is the length of time the alien has already been detained."). Indeed, it is relevant that petitioner Vega's detention for almost two years in YCP is comparable to a considerable prison sentence even though he was not convicted of any new crimes.

As such, the court concurs with Judge Mehalchick that petitioner Vega's continued detention, now for 21 months, has become so prolonged that it has become arbitrary and unreasonable in his particular case based on the stated circumstances, and that he is entitled to an individualized bond hearing. Petitioner Vega has therefore sufficiently shown that his prolonged mandatory detention under §1226(c) is unconstitutional as applied to him. *See* Carlos v. Green, 2018 WL 3492150, *4 (D.N.J. July 20, 2018) (Court stated that "[i]f

petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, §1226(c) authorizes his continued detention until a final order of removal is entered.") (citations omitted); *see also* Sajous, 2018 WL 2357266, *11 (court applied the stated factors and concluded that "continued detention of the Petitioner pursuant to §1226(c) without access to a bond hearing is unreasonable, and thus unconstitutional, as applied to him.").

Accordingly, the court will **ADOPT** Judge Mehalchick's report, (Doc. 19), in its entirety, and it will **GRANT IN PART** the petitioner Vega's habeas petition, (Doc. 1). The court will direct an Immigration Judge to conduct an individualized bond hearing. The respondent's objections to Judge Mehalchick's report, (Doc. 21), will be **OVERRULED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 8, 2018**